Filed 5/5/22  P. v. Taylor CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307932 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No MA072867 |
| v. | |
| ISAAC WILLIAM TAYLOR, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Reversed and remanded.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Zee Rodriguez, Supervising Deputy Attorney General, David E. Madeo, Michael C. Keller, and Paul

S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This is Isaac William Taylor's second appeal about his *robbery* conviction. In his first, we affirmed this conviction but reversed a second conviction for *kidnapping* for robbery. (*People v. Taylor* (2020) 43 Cal.App.5th 1102, 1105–1112 (*Taylor*).) After we remanded the case, the trial court resentenced Taylor to an upper term sentence plus enhancements for his robbery conviction. Taylor appeals his new sentence.

While his second appeal has been pending, the Legislature passed two ameliorative sentencing laws that are relevant to Taylor's case. One law limits the application of upper sentencing terms unless a defendant has stipulated to circumstances in aggravation or a fact finder has found the circumstances true beyond a reasonable doubt. This statute is Senate Bill No. 567 (2021–2022 Reg. Sess.) or simply SB 567. (See Pen. Code, § 1170, subd. (b), as amended by Stats. 2021, ch. 731, § 1.3.) Taylor's sentencing did not comply with SB 567's new requirements. We remand for resentencing because this was not harmless. At his resentencing, Taylor will be entitled to the benefit of a second ameliorative sentencing law, Senate Bill No. 81 (2021–2022 Reg. Sess.) (SB 81).

Statutory citations are to the Penal Code.

I

Taylor used a gun to rob a man. The jury convicted Taylor of second degree robbery (§ 211) and kidnapping to commit robbery (§ 209, subd. (b)(1)). It found Taylor indeed had used a gun.

At sentencing, Taylor admitted a prior serious felony conviction that also qualified as a strike. The prosecution described Taylor's other criminal history and acknowledged the probation report's account was partially incorrect and incomplete. Citing "various sources," the prosecution's updated account remained incomplete. The prosecution lacked "any type of disposition" for a 1991 offense. "[T]here's confusion as to the dates," of part of Taylor's criminal history from the 1990s. The most recent prior conviction, from 2011, "appear[ed]" to be based on a 2004 conditional release violation from Nevada. "Getting information out of the state of Nevada is not easy."

The trial court sentenced Taylor to 29 years to life for kidnapping (seven years to life doubled due to the prior conviction plus a 10-year firearm enhancement under § 12022.53, subd. (b) and a five-year enhancement under § 667, subd. (a)(1)) and 25 years for robbery (five years doubled plus a 10-year firearm enhancement under § 12022.53, subd. (b) and a five-year enhancement under § 667, subd. (a)(1)).

On Taylor's first appeal, we reversed the kidnapping conviction because Taylor moved his victim only four steps. (*Taylor*, *supra*, 43 Cal.App.5th at pp. 1105–1112.) We rejected Taylor's attack on the trial court's sentencing decisions. (*Id.* at pp. 1112–1113.) We remanded the case to allow the court to apply Senate Bill No. 620 (2017–2018 Reg. Sess.), which gave the court new discretion to dismiss the gun enhancement. (*Taylor*, at pp. 1112–1114.)

On remand, on July 15, 2020, the trial court resentenced Taylor. Taylor urged the court to exercise its discretion and to stay the enhancement for Taylor's gun use.

3

After hearing argument, the court "considered everything anew" and sentenced Taylor to 25 years in prison for robbery. This sentence had the same components as his original sentence for that count: the upper term of five years, doubled due to Taylor's strike, plus 10 years because the jury found Taylor used a gun during the robbery (§ 12022.53, subd. (b)), plus five years because Taylor had a prior serious felony conviction (§ 667, subd. (a)(1)).

The court refused to stay Taylor's gun enhancement, saying it believed "the maximum possible sentence allowable under the law is appropriate here."

## II

SB 567, which became effective January 1, 2022, amends section 1170 to limit the use of upper term sentences. (Stats. 2021, ch. 731, § 1.3.) The change applies retroactively to Taylor because his conviction is not final. (See *People v. Garcia* (2022) 76 Cal.App.5th 887, 902.)

The amended section 1170, subdivision (b)(2) allows a court to impose an upper term sentence only when (1) circumstances in aggravation of the crime justify the imposition of a term of imprisonment exceeding the middle term and (2) the defendant has stipulated to the facts underlying those circumstances or a jury or a judge in a court trial has found those facts beyond a reasonable doubt. Notwithstanding the second requirement, a court may consider the defendant's prior convictions based on *certified records of conviction* without submitting the prior convictions to a jury. (*Id.*, subd. (b)(3).)

Taylor's resentencing did not comply with SB 567. The court sentenced Taylor to the upper term without the required stipulation or factfinding beyond a reasonable doubt. The

4

prosecution did not offer a certified record of conviction to prove Taylor's criminal history.  (See § 1170, subd. (b)(3).)  Under section 1170, subdivision (b)(5), the court could not rely on Taylor's prior strike, prior serious felony conviction, or personal gun use to impose an upper term because the court imposed sentencing enhancements based on these facts.

This error was prejudicial.  The error would be harmless only if we concluded beyond a reasonable doubt a fact finder applying the beyond-a-reasonable-doubt standard unquestionably would have found true at least one aggravating circumstance. (*People v. Sandoval* (2007) 41 Cal.4th 825, 839.)  The prosecution identifies two aggravating circumstances, but neither meet this high standard.

First is Taylor's criminal history.  (Cal. Rules of Court, rule 4.421(b)(2).)  The prosecution says Taylor's prior convictions "could have easily been proven beyond a reasonable doubt at trial."  These few words state a conclusion but do not establish it. The prosecution had limited information about some of the criminal history it cited at Taylor's sentencing.  This frail record creates reasonable doubt on this score.

Second is the victim's particular vulnerability.  (Cal. Rules of Court, rule 4.421(a)(3).)  The prosecution points to the victim being unarmed, alone, and hidden from sight during the robbery. A fact finder could find these facts insufficient to prove the victim was particularly vulnerable.  The victim was neither young, nor elderly, nor disabled.  The prosecution cites *People v. Wilson* (2008) 44 Cal.4th 758, 772, 812–813, a case involving a man who drove a woman to an isolated place and raped her in a car while her baby was in the back seat.  Taylor's case is quite dissimilar,

5

and in obvious ways.  We conclude reasonable doubt exists on this point as well.

At his resentencing, Taylor will be entitled to the benefit of another new ameliorative sentencing statute.  SB 81 amended section 1385 to require courts to dismiss enhancements, "if it is in the furtherance of justice to do so."  (§ 1385, subd. (c)(1), as amended by Stats. 2021, ch. 721, § 1.)  The amended law lists nine mitigating circumstances.  Examples include multiple enhancements in a single case and an enhancement based on a prior conviction that is over five years old.  (§ 1385, subd. (c)(3)(B) & (H).)  Proof of one or more circumstances weighs greatly in favor of dismissing the enhancement unless dismissal would endanger public safety.  (*Id.*, subd. (c)(2).)

SB 81 applies to sentencings occurring after its effective date, January 1, 2022.  (§ 1385, subd. (c)(7), as amended by Stats. 2021, ch. 721, § 1.)  Because we are remanding Taylor's case for resentencing under SB 567, he will have a sentencing after the effective date and SB 81 will apply.  (See *People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

On remand, Taylor may also raise an argument about his gun enhancement.  He says his trial lawyer should have asked the court to impose a more lenient enhancement for an uncharged lesser included offense under section 12022.5, subdivision (a) instead of applying the stiffer 10-year gun enhancement.  (See § 12022.5, subd. (a) [listing "3, 4, or 10 years" as possible enhancements, as opposed to the "10 years" in § 12022.53, subd. (b)].)

The Supreme Court recently decided a similar issue involving a different charged firearm enhancement, section 12022.53, subdivision (d).  A trial court that decides to strike this

6

enhancement, which carries a sentence of 25 years to life, may impose a lesser included uncharged enhancement under section 12022.53, subdivisions (b) or (c). (*People v. Tirado* (2022) 12 Cal.5th 688, 692, 700.)

At resentencing, Taylor may raise the argument that *Tirado* applies to his 12022.53, subdivision (b) enhancement and may ask the court to consider whether to strike his enhancement and impose a lesser included enhancement in its place.

On appeal, Taylor raises other issues about the trial court's exercises of its sentencing discretion. Because we reverse his sentence on other grounds, we need not and do not address these issues.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing consistent with section 1170, as amended by SB 567, and section 1385, as amended by SB 81. After resentencing, the clerk of the court shall prepare an amended abstract of judgment to reflect the new sentence and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


WILEY, J.


We concur:


GRIMES, Acting P. J.        STRATTON, J.


7